CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD J. EGAN, | ) | Case No. 7:09CV00145 |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Respondent. | ) | |

Petitioner Edward J. Egan, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of coram nobis, seeking to overturn the state court judgment under which he is confined. However, because Egan's petition claims that his confinement is unlawful based on legal errors by the state and federal courts, the court construes his petition as one seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254. Upon review of the record, the court finds that the petition must be dismissed as successive.

## Background

In his current petition, Egan does not identify the charges on which he stands convicted and confined or name the state court that imposed them. He asserts the following grounds on which his conviction should be set aside: (1) closing the court house to the public during his trial violated his constitutional rights; (2) failing to suppress admission of personal possessions illegally seized pursuant to a warrantless search violated his constitutional rights; and (3) the actions of negligent counsel violated his constitutional rights. Egan states that he presented these claims to the state courts, but the Supreme Court of Virginia dismissed them because he failed to state assignments of error as required under the rules of that court.

Egan presented these and many other habeas claims to this court in his initial § 2254 petition, Egan v. Johnson, Case No. 7:07CV00509 (W.D. Va. 2008).[1] The court's record of Egan's prior habeas cases indicates that the convictions of which he complains were imposed by the Circuit Court for Roanoke County in June 2004. This court dismissed Egan's § 2254 petition in Case No. 7:07CV00509 upon finding that it was time-barred under the applicable statute of limitations, 28 U.S.C. § 2244(d)(1)(A) and Egan failed to demonstrate that his medical problems or his alleged actual innocence were grounds for equitable tolling. (Mem. Op. 4 & 4 n.7, Apr. 30, 2008).

Egan argues that because the court erred in finding his § 2254 petition untimely and refused to recognize his stated grounds for equitable tolling, the court failed to address the fundamental rights raised in the three claims restated in his current petition. He argues that such fundamental rights are not subject to procedural bars and that he is entitled to a petition coram nobis reversing his convictions. He also complains that a pro se law clerk failed to file medical records he submitted as exhibits in support of his equitable tolling arguments in the former habeas petition.

---

[1] Court records indicate that Egan earlier filed a § 2254 petition concerning these same convictions, which was dismissed without prejudice, because he clearly had state court remedies yet available to him at that time. See Egan v. Johnson, Case No. 7:07CV00264 (W.D. Va. 2007). A § 2254 petition dismissed without prejudice on such grounds does not count as the petitioner's initial attempt at § 2254 relief under 28 U.S.C. § 2244(b). Slack v. McDaniel, 529 U.S. 473, 486-87 (2000).

2

## **Discussion**

The ancient writ of coram nobis, brought under the All Writs Act, 28 U.S.C. § 1651 (West 2006), survives in the criminal law context as an a "extraordinary remedy [to be allowed] only under circumstances compelling such action to achieve justice." See United States v. Morgan, 346 U.S. 502, 511 (1954). This writ was "traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." Carlisle v. United States, 517 U.S. 416, 428 (1996) (internal citations omitted).

"Moreover, the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where another statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Id. at 429 (internal citations omitted). The procedure and means of redress set forth in 28 U.S.C. § 2254 embody the protocol designed by Congress for inmates detained pursuant to the judgments of state courts to use in challenging the validity of their confinement. Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). Whatever label the petitioner has attached to a pro se pleading, the court can construe his action as a habeas petition, based on the nature of his claims and the relief he is seeking. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

By his own admission, Egan was able to present claims raised in this coram nobis petition in his federal habeas petition under § 2254. The mere fact that he was prevented by various procedural defaults from having the merits of these claims addressed by the state and federal courts does not render the § 2254 remedy "unavailable" so as to entitle him to use of an extraordinary writ such as coram nobis. Moreover, Egan's claims do not rely on any "factual

errors material to the validity and regularity" of his state criminal proceedings; at the most, he argues legal and procedural errors by counsel and the courts. As such, he fails to present any ground on which to invoke coram nobis relief.

Because Egan's stated authority for seeking reversal of his conviction is not applicable, the court construes his claims as a petition for a writ of habeas corpus, pursuant to § 2254. As discussed, court records indicate that Egan previously filed a § 2254 petition concerning the same conviction, Case No. 7:07CV00509. Thus, the petitioner's current petition is a subsequent one, falling under the prohibition against second or successive petitions in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Egan has not submitted any evidence that he has obtained such certification by the Court of Appeals. Accordingly, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473

(2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30th day of April, 2009.

/s/ Jackson L. Kiser
United States District Judge